IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Paul Ossmann, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| vs. | )     1:19-cv-03200-SCJ-JKL |
| | ) |
| Meredith Corporation, | ) JURY TRIAL DEMANDED |
| | ) |
|     Defendant. | ) |

## FIRST AMENDED COMPLAINT

Plaintiff Paul Ossmann hereby states claims for relief under 42 U.S.C. § 1981, and Georgia law on the grounds stated below.

## Jurisdiction and Venue

1.

Plaintiff is a citizen and resident of the State of Georgia and resides in this judicial district.

2.

Defendant Meredith Corporation (hereinafter sometimes "Meredith" or "CBS46") is an Iowa corporation with its principal place of business in Des Moines, Iowa.  At all relevant times, said Defendant has done business within the judicial district of the Court.  Process may be served upon Defendant at CT

1

Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

3.

The unlawful practices described herein occurred at 425 14th St., NW, Atlanta, GA 30318.  Defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1337.

The Court has supplemental jurisdiction over all of Plaintiff's state-law claims under Georgia law, pursuant to 29 U.S.C. § 1367, because the state-law claims are so related to the Plaintiff's claims within the Court's original jurisdiction that such state-law claims form part of the same case or controversy under Article III of the United States Constitution.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## Facts

4.

Plaintiff is a Caucasian male, sixty-two (62) years old.  Defendant Meredith employed Mr. Ossmann at CBS46 first as meteorologist and then as chief meteorologist, after his promotion.

5.

During Plaintiff's employment, he was subjected to racist and ageist statements by an African American co-anchor, Sharon Reed, and/or Thomas

Roberts, a Caucasian co-anchor, age 46. Reed referred to Mr. Ossmann as a "white dog" and "a POS" or "piece of shit."

Additionally, Plaintiff was referred to as a "Kellogg", a reference to Kellogg's Cornflakes. Cornflake is defined in the Urban Dictionary as:

**cornflake**

**An old**, tired **Conservative**, or **Republican**, that whines about everything.

This ageist comment further created a hostile working environment for Mr. Ossmann.

When Plaintiff complained to management about such comments, his managers took no action and in fact told Mr. Ossmann not to file a written complaint.

6.

These comments went viral and caused Plaintiff significant humiliation, pain and suffering. This created a hostile work environment for Mr. Ossmann at Meredith, especially when Meredith took no action against Reed and/or Thomas Roberts, his co-anchors.

7.

Further, Reed in response to a viewer complaint of Reed's race baiting, used the word "nigger" on the air, during a broadcast, in violation of multiple

Meredith policies and her contract. Reed's use of the word "nigger" was broadcast to hundreds of thousands of viewers in the Atlanta.

Additionally, Reed's use of the word "nigger" went viral on the Internet and was read and heard by many more thousands of people. Reed's inappropriate language brought significant negative attention and disrepute to Defendant.

Plaintiff and other Caucasian and African American employees found Reed's use of the word "nigger" on the air during a broadcast offensive, racially derogatory, and cause disrepute to Meredith, its officials, and employees.

8.

In April 2019 Plaintiff was suspended for allegedly making an inappropriate comment to a co-worker. Ossmann was not given a written statement from the co-worker, nor allowed to provide a written statement in response. Meredith did not follow its own procedures in investigating the rather minor matter.

9.

On April 8, 2018 the Vice President and General Manager of CBS46, Lyle Banks, African American, terminated Plaintiff's employment with two

years remaining on Mr. Ossmann's contract for the alleged comment. The alleged comment was completely innocuous.

Through information and belief, Reed was never disciplined in any way regarding her statements about Plaintiff nor her use of the word "nigger" on broadcast television and which went viral over the internet. In fact, Reed was allowed to complete her contract by Meredith.

Further, through information and belief Roberts was never disciplined in any way regarding his statements regarding Mr. Ossmann.

10.

Meredith, through Banks, used the innocuous alleged inappropriate comment by Plaintiff as pretext to terminate Mr. Ossmann so Banks could replace Plaintiff with a Hispanic female, Jennifer Valdez, 37 years old, in order to increase "diversity."

The termination of Mr. Ossmann and replacement with Valdez was illegal activism. Diversity is the goal of Meredith and its management, as Banks admits in a recent article:

[Atlanta news station CBS46 becomes fastest growing by embracing diversity](#)-July 8, 2019-Rolling Out-Excerpts

*A once squeaky, revolving door at CBS46 has become stationary with a touch of WD-40 in the form of steady leadership and diversity.*

*"When I started talking about activism to the staff, the reasons why that's*

*important for us and also for the marketplace, I started to sense it rang a bell," Banks stated. "We can force change with this television station but it starts internally. If we're going to be champions for our viewers — we have to start with ourselves."*

*Diversity is a marathon that continues universally but CBS46 has configured a way to resemble the audience it targets. "Steve and Lyle walk the talk. They were determined to turn things around by being true to what makes us strong as Americans, diversity," stated Rashad Richey, CBS46 political analyst and longtime cultural observer.*

*"We're relatable and it's refreshing," chief meteorologist Jennifer Valdez stated. "I'm the only Hispanic and female chief meteorologist in all of Atlanta. We don't follow the norm and that's why people can relate. We are our viewers."*

Through information and belief Banks is compensated financially for increasing "diversity" at CBS46 by Meredith.

11.

On May 13, 2019, Mr. Ossmann timely filed a charge of discrimination based on race, age, and sex, against Meredith with the Federal Communications Commission (hereinafter "FCC"). The charge is currently being investigated by the FCC. Plaintiff's charge alleges that he was subjected to a racially hostile work environment, subjected to disparate treatment, and terminated because of his race, age, and sex.

Upon receiving a right to sue letter from the FCC, Mr. Ossmann intends to amend this complaint to include the Title VII and ADEA causes of action.

## Count 1
*42 U.S.C. § 1981*
**(Racially Hostile Work Environment)**

12.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

13.

The said actions of Defendant, through its employees, created a racially hostile work environment, forcing Plaintiff to endure a racially hostile work environment as a term or condition of his employment. Defendant has violated 42 U.S.C. § 1981.

14.

As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

## Count 2
*42 U.S.C. § 1981*
**(Disparate Treatment)**

15.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

16.

The said actions of Defendant, through its employees, treated Plaintiff disparately as a term or condition of his employment. Defendant has violated 42 U.S.C. § 1981.

17.

As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

## Count 3
*42 U.S.C. § 1981*
**(Race Discrimination – Termination of Employment)**

18.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

19.

The Defendant, through its employees, resulted in the racially and ethnically discriminatory termination of Plaintiff's employment. Defendant has violated 42 U.S.C. § 1981.

20.

As a direct and proximate result of Defendant's violation of 42 U.S.C. §

1981, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

## Count 4
*Georgia Law*
**(Breach of Written Contract)**

21.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

22.

Plaintiff entered into an employment agreement with Defendant for the period August 1, 2017 through August 8, 2021. Despite this contract Defendant maliciously and without cause breached said agreement on April 8, 2018.

23.

Defendant allegedly terminated Plaintiff for a violation of company policy, but in fact never terminated other younger and/or employees of a different race for the same or more severe violations of company policy.

24.

As a direct and proximate result of the breach Plaintiff has sustained damages.

## Count 5
*Georgia Law*
**(Malicious, Willful, and Wanton Conduct)**

25.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

26.

As a result of Plaintiff suffering the above-described conduct, Defendant is liable to Plaintiff under Georgia law for its malicious, willful and wanton conduct toward Plaintiff.

27.

As a result of the above-described conduct, Defendant showed willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to consequences with regard to Plaintiff's allegations in this lawsuit.

28.

As a result of the above-described conduct, Plaintiff has suffered and is continuing to suffer injury including emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

## Count 6
*Georgia Law*
**(Nominal Damages)**

29.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

30.

As a result of the above-described conduct, Plaintiff is entitled at a minimum and in the alternative to an award of actual damages, to nominal damages.

31.

As a result of the above-described conduct, Plaintiff is entitled to an award of nominal damages pursuant to O.C.G.A. § 51-12-6.

## Count 7
*Georgia Law*
**(Litigation Expenses)**

32.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

33.

By engaging in the above-described conduct, set forth above, Defendant acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

34.

As a result of such conduct by Defendant, Plaintiff is entitled to his litigation expenses, including attorney's fees and costs related to this litigation, pursuant to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Paul Ossmann respectfully prays that this Court enter judgment in favor of himself and against Defendant for:

A.  Lost wages, employment benefits, and other compensation to which Plaintiff is entitled, pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981a and Georgia law.

B.  Compensatory damages including, but not limited to, pecuniary losses, emotional pain, suffering, and inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and any other non-pecuniary losses or intangible injuries to which Plaintiff is entitled, pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981a and Georgia law.

C. Punitive damages to which Plaintiff is entitled, pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981a, and other law.

D. All reasonable attorney's fees and costs of the action through entry of a final non-appealable judgment, pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981a, and Georgia law, including all reasonable attorney's fees and costs for:

(1) the time spent plus costs reasonably incurred throughout this action relating to the claims of Plaintiff under 42 U.S.C. § 1981 and Georgia law;

(2) the time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claims of Plaintiff under 42 U.S.C. § 1981 and Georgia law, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, O.C.G.A. § 9-11-68 or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3) the time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, O.C.G.A. § 9-11-68 or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58, and

(4) the time spent explaining to Plaintiff any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, O.C.G.A. § 9-11-68 or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

E. Pre-judgment and post-judgment interest on all amounts awarded pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981a, and Georgia law, including lost compensation, litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action.

F. A declaration that Defendant engaged in unlawful employment practices with respect to Plaintiff in violation of, 42 U.S.C. § 1981 and 42 U.S.C. § 1981a.

G. A declaration that Defendant engaged in unlawful conduct in violation of Georgia law with respect to Plaintiff.

H. All such other legal and equitable relief to which Plaintiff is entitled as a matter of law and equity.

I. All such other and further relief as is deemed just and proper.

J. That Plaintiff receive a trial by jury.

Respectfully submitted this 5th day of September 2019.

  s/Jack Rosenberg_____

Jack Rosenberg
Georgia Bar No. 614475
Suite 53
5425 Glenridge Drive
Atlanta, GA  30342
Telephone: (404) 343-1091
Facsimile: (404) 343-1497
[jackrosenberg2@gmail.com](mailto:jackrosenberg2@gmail.com)
Attorney for Plaintiff