IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL OSSMANN,
    Plaintiff,

v.

MEREDITH CORPORATION,
    Defendant.

Civil Action No.
1:19-cv-03200-SDG

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Vacate Taxing of Costs or Alternatively, to Retax Costs and Stay Collection Pending Appeal [ECF 105]. For the following reasons, the motion is **GRANTED in part and DENIED in part**.

**I.   Procedural History**

On March 31, 2022, the Court modified and adopted the Final Report and Recommendation of United States Magistrate Judge John K. Larkins III, granted Defendant Meredith Corporation's motion for summary judgment, and directed that judgment be entered against Plaintiff Paul Ossmann.[1] On April 7, Defendant filed its Bill of Costs for $8,561.26.[2] On April 26, the Clerk of Court taxed costs in

---

[1]  ECF 95.

[2]  ECF 98.

that amount against Ossmann.[3] On April 27, Ossmann filed a notice of appeal and, on May 3, moved to vacate the taxing of costs.[4]

**II.    Discussion**

Ossmann's motion asks that the Court vacate entirely the costs taxed against him because he is "destitute."[5] Alternatively, Ossmann requests that the Court retax the costs because Meredith sought reimbursement for expenses to which it is not entitled and stay any execution on the retaxed costs until after his appeal has been resolved.[6] Ossmann's appeal has been fully briefed and oral argument was held on March 23, 2023.[7]

**A.    Ability to Pay**

Under Rule 54, there is a presumption that costs should be awarded to the prevailing party, but the Court has the discretion to decide otherwise. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc) (citing Fed. R. Civ. P. 54(d)(1); *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 351 (1981)). The costs that may be taxed are identified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,*

---

[3]   ECF 99.

[4]   ECF 105.

[5]   ECF 108, at 1.

[6]   *See generally* ECF 105.

[7]   *Ossmann v. Meredith Corp.*, Case No. 22-11462 (11th Cir.), Dkt. 47.

482 U.S. 437, 441–42 (1987), *superseded by statute on other grounds as stated in EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). Although the Court has the discretion not to award the full amount of taxable costs, that discretion is not unlimited because the denial of costs "is in the nature of a penalty" against the prevailing party. *Chapman*, 229 F.3d at 1039 (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)). The non-prevailing party's financial status is one factor the Court may consider in making its cost award. *Id.* This requires the non-prevailing party to provide "substantial documentation of a true inability to pay." *Id.* The Court may not consider the relative wealth of the prevailing and non-prevailing party. *Id.* Nor may the Court refuse to award any costs at all. *Id.*

Ossmann asserts that he is 65 years old and has been unemployed since he was terminated by Meredith in April 2018.[8] However, he collects $2,400 a month in social security benefits and also receives Medicaid benefits and food stamps.[9] He argues that his "dire financial status" justifies the costs awarded to Meredith

---

8   ECF 105, at 3.

9   *Id.*

being vacated *in toto*.[10] In support, Ossmann provided a financial affidavit that purports to show he has no assets, significant debt, and monthly expenses.[11] He provided a separate declaration that further asserts he has "exhausted his 401(k), been living on food stamps, had to enroll in Medicaid, and mowed lawns to earn money."[12] Ossmann is married, but he has provided no evidence of his access to marital assets nor indicated whether he has retirement accounts outside of his 401(k).[13] Further, Ossmann is represented by counsel. He has not stated whether he has paid attorneys' fees, which would obviously bear on his ability to pay taxed costs. And, as Meredith points out, Ossmann paid the appellate filing fee.[14]

The Court does not have the authority to vacate the award of costs in its entirety. *Chapman*, 229 F.3d at 1039. Moreover, Ossmann has not provided "substantial documentation of [his] true inability to pay." *Id.* There is not sufficient evidence for the Court even to assess by what amount (if any) the cost award could appropriately be reduced to account for Ossmann's claimed penury. *Gilchrist v.*

---

[10]  *Id.*

[11]  ECF 105, at 9.

[12]  ECF 108, at 1; ECF 108-1, ¶¶ 3–5.

[13]  *See generally* ECF 105, at 9; ECF 108-1.

[14]  ECF 106, at 3–4; *see generally* Docket, *Ossmann v. Meredith Corp.*, Case No. 22-11462 (11th Cir.).

*Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984) (indicating that the losing party bears the burden of overcoming the presumption in favor of taxing costs for the prevailing party). To the extent Ossmann seeks relief on this basis, it is **DENIED**.

### B.  Necessary Expenses

Under Section 1920, costs may be awarded for

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. At issue here are costs incurred with two depositions and three subpoenas.

### 1.  Depositions

Ossmann takes issue with certain costs incurred by Meredith in connection with two depositions—Ossmann's own and that of Laurel Berenguer—arguing

that these costs were not "necessarily obtained for use in the case."[15] For his own deposition, Ossmann asserts that $126.80 for expert video/technician testimony, expedite charges of $849.56, and rough draft charges of $554.75 should not be taxed. For Berenguer's deposition, Ossmann claims that a 2-day rush charge of $3547.40 should be excluded. Meredith counters that it was required to expedite the production of the transcripts from these depositions in light of the looming discovery deadline, because Ossmann refused to comply with his own discovery obligations, and in order to support its motion to compel and for sanctions.[16]

### i.   Ossmann's Deposition

The magistrate judge set the close of discovery for March 15, 2021.[17] As that judge noted in a January 19, 2021 Order, up to that point, Ossmann had "done little to prosecute the case."[18] The magistrate judge also detailed Ossmann's delays in producing documents and providing proper responses to interrogatories, and cautioned that continued failures to comply with discovery obligations could

---

[15]   ECF 105, at 4–5.

[16]   ECF 106, at 5.

[17]   ECF 37.

[18]   ECF 45, at 1. *See also* ECF 57, at 2.

result in sanctions.[19] The January 19 Order directed Ossmann to produce various discovery within seven days.[20]

Meredith noticed Ossmann's deposition two days later and took the deposition on February 18, 2021.[21] It is entirely understandable that Meredith waited until after Ossmann complied with his obligations to provide written and documentary discovery before taking his deposition. That the deposition itself occurred near the end of the discovery period was, from all evidence in the record, a result of Ossmann's own conduct.[22] Under these facts, the expedite charges of $849.56 were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and Ossmann's suggestion that it was incumbent on Meredith to obtain an extension of discovery to avoid the expedite charges is disingenuous.[23] *See, e.g.*, *Baer's Furniture Co. v. Comcast Cable Commc'ns Mgmt. LLC*, No. 20-61815-CIV, 2023 WL 1781818, at *3 (Jan. 17, 2023), *report and recommendation adopted*, 2023 WL 1778551 (S.D. Fla. Feb. 6, 2023) (permitting taxation of expedite fees where prevailing party showed necessity). However, in light of the fact that Meredith ordered the

---

19   ECF 45, at 1–5. *See also* ECF 57, at 2–7.

20   *See generally* ECF 45.

21   ECF 46 (notice); ECF 98, at 7.

22   *See, e.g.*, ECF 45; ECF 57, at 2–10.

23   ECF 108, at 2.

transcript on an expedited basis, its additional need for a rough draft of the transcript is unclear. Nor has Meredith provided any explanation in this regard. Accordingly, it is not entitled to tax the cost of the rough draft of Ossmann's deposition transcript (a total of $554.75).

Ossmann's deposition took place during a time when this Court was still operating under an Emergency Order that suspended civil and criminal jury trials as a result of the COVID-19 pandemic.[24] That Ossmann's deposition was taken by remote means is therefore no surprise.[25] There is no indication that Ossmann objected at the time to the manner in which his deposition was taken. The $126.80 charge for the expert/video/technical/remote testimony is therefore taxable.[26] *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (per curiam) ("Where a party notices a deposition to be recorded by both stenographic and non-stenographic means, and no objection is raised at that time as to the method of recordation, pursuant to Fed. R. Civ. P. 26(c), a court can award the cost of conducting the deposition in the manner noticed.").

---

[24]  *See, e.g.,* ECF 47 (Gen. Order 20-01, In re Court Operations Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus).

[25]  ECF 98, at 7.

[26]  *Id.*

### ii. Berenguer Deposition

Ossmann took the 30(b)(6) deposition of Berenguer on March 15, 2021[27]—the last day of discovery. He argues, however, that the entire cost of the deposition ($3,547.40) should be excluded from taxed costs because Meredith provided no basis for the transcript to be expedited.[28] As Meredith's own 30(b)(6) witness, it is clear that the transcript of her deposition was necessarily obtained for use in the case. 28 U.S.C. § 1920(2). The details about the cost of the deposition are reflected in Meredith's bill of costs and the supporting documents.[29] In light of the fact that Ossmann took the deposition on the last day of discovery, that summary judgment motions were due 30 days later, and that Meredith needed the transcript to further support its motion to compel and for sanctions, the Court concludes that the cost of Berenguer's deposition is taxable.[30]

### 2. Subpoenas

Ossmann asserts that Meredith should not be allowed to recover for service of three subpoenas at all, but at a minimum should not be able to tax a total of

---

[27] ECF 57, at 6.

[28] ECF 105, at 4.

[29] ECF 98, at 10.

[30] ECF 37.

$127.50 in fees for the rush service of those subpoenas.[31] He also contends, without citation, that Meredith was required to provide a litany of other information about the subpoenas before it may tax any of the costs of service.[32] As with the deposition transcripts, Meredith asserts that rush services were necessary because of Ossmann's own delays.[33]

The basic service rate charged by the private process server did not exceed that charged by the US Marshals Service for the subpoenas issued to WAGA-TV and WXIA-TV.[34] Ossmann has not pointed to any law suggesting that Meredith must provide copies of the returned subpoenas, detailed rate information, mileage, etc. in order to tax such costs.[35] While such information might be necessary in some cases to substantiate the amount, the Court declines to impose such a requirement here. However, because service on WIAT-TV exceeded the $65 per hour charged by the Marshals Service, 28 C.F.R. § 0.114(a)(3), Meredith may only recover $65 for that service—not the $125 charged.[36]

---

[31] ECF 105, at 5–6.

[32] *Id.* at 5.

[33] ECF 106, at 6–7.

[34] ECF 98, at 4–5.

[35] ECF 105, at 8.

[36] *Id.* at 3.

Rush fees for each subpoena were $42.50.[37] Though such fees are typically not compensable, a district court can allow them where rush service is necessary. *See Dennis v. Waffle House, Inc.*, No. 1:03-CV-2421-CC, 2006 WL 8431236, at *4 (N.D. Ga. May 17, 2006) (rush fees not permitted without explanation as to the necessity); *Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *4 (Sept. 14, 2010), *report and recommendation adopted*, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) (awarding costs for expedited service where individual was difficult to find and deposition needed to be taken quickly). For the reasons explained above with regard to Ossmann's deposition, the Court concludes that the rush fees were necessary here and shall be taxed.

**C.   Stay**

Ossmann asserts without argument that the Court should stay Meredith's ability to collect until after his appeal is complete.[38] Under Rule 62, proceedings to enforce a judgment and execution on a judgment are automatically stayed for 30 days after its entry. Fed. R. Civ. P. 62(a). Beyond that, a party may obtain a stay by providing a bond or other security. *Id.* 62(b). Ossmann has not indicated that he is willing to or capable of posting such a bond. Nor has he stated any legal basis for

---

[37]   *Id.*

[38]   ECF 105, at 6; ECF 108, at 4.

the Court to stay Meredith's ability to execute on the taxed costs. *See, e.g., Kemp v. Ga. State Univ. Admissions Office*, Civ. A. No. 1:07-cv-0212-BBM, 2008 WL 11320078, at *1 (N.D. Ga. Sept. 10, 2008) (denying motion to stay payment of bill of costs pending appeal when plaintiff provided no (1) legal basis for doing so or (2) bond or surety). Finding no basis to stay execution, Ossmann's request is **DENIED**.

### III. Conclusion

Plaintiff's Motion to Vacate Taxing of Costs or Alternatively, to Retax Costs and Stay Collection Pending Appeal [ECF 105] is **GRANTED in part and DENIED in part.** The taxed costs shall be reduced by a total of $614.75 ($554.75 + $60.00). The Court awards Meredith Corporation **$7,946.51** in taxable costs. The Clerk is **DIRECTED** to enter a revised judgment to reflect this amount.

**SO ORDERED** this 31st day of March, 2023.

Steven D. Grimberg
United States District Court Judge